UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE FRANCIS,

    Petitioner,

v.                                                             Case No. 8:06-cv-2273-T-17EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

**<u>ORDER</u>**

This cause is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Theodore Francis, a Florida prisoner. Francis challenges his 96-month sentences for two counts of armed robbery arising out of charges filed in the Tenth Judicial Circuit in Polk County, Florida, in state circuit case numbers CF96-04056A-XX and CF96-04058A-XX.

PROCEDURAL HISTORY

On October 2, 1990, the Polk County Circuit Court sentenced Petitioner in Case No. CF90-0854A-XX to seven years in prison, followed by five years of probation, for attempted manslaughter with a firearm. On January 13, 1995, through the accumulation of gain time, Petitioner was released to probation supervision. On February 7, 2002, Petitioner was returned to prison as a probation violator. On December 30, 1996, in Case No. CF96-04056A-XX, Petitioner was convicted of armed robbery and sentenced to three years incarceration followed by three years probation, with a three year minimum mandatory term for use of a firearm. In Case No. CF96-04058A-XX, Petitioner received the same sentence for a separate conviction of armed robbery, concurrent with Case No. CF96-04056A-XX. For violation of probation in Case No. CF90-0854AXX, the court sentenced Petitioner to twelve years in prison, concurrent with the two 1996 cases.

On April 13, 2002, Petitioner was released to probation supervision. Petitioner violated his probation by the commission of two new criminal offenses in Case Nos. CF02-05825A-XX and CF02- 05870A-XX. On November 1, 2002, the court sentenced Petitioner to 96 months incarceration in Case Nos. CF96-04056A-XX and CF96-04058A-XX, to be served concurrently. In Case Nos. CF02-05825A-XX and CF02-05870, the court imposed concurrent terms of 36.75 months incarceration. In the present federal petition, Petitioner challenges only the sentences and award of credit for time served in the two 1996 cases, CF96-04056A-XX and CF96-04058A-XX.

Petitioner did not file a direct appeal of his judgment or sentences. However, on June 26, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Rule

3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 1). The trial court summarily denied the motion on September 29, 2003, finding that the *Tripp*[1] issue presented in the motion must be pursued administratively, rather than through a rule 3.800 motion. (Exhibit 2). Petitioner did not appeal that ruling.

On April 5, 2004, Petitioner filed a petition for writ of mandamus in the Second Circuit Court in Leon County Florida, in Case No. 2003 CA 002502, challenging the application of jail time credit. (Exhibit 3). On June 17, 2005, the trial court filed an order denying mandamus relief. (Exhibit 4). It appears Petitioner did not appeal this ruling to the First District Court of Appeal. (Exhibit 5).

On May 3, 2004, Petitioner filed a motion to clarify sentence in the Tenth Judicial Circuit, where he was convicted, seeking an award of pre-sentence jail credit. (Exhibit 6). On July 6, 2004, the postconviction court issued an order granting in part and denying in part the motion to clarify sentence. (Exhibit 7). The court granted Petitioner additional jail credit in Case Nos. CF96-4056, CF96-4058, and CF02-05870, but denied additional credit in CF02-05825. Petitioner did not file an appeal.

On September 27, 2004, Petitioner filed another motion for jail time credit (Exhibit 8), which the trial court denied as successive on October 29, 2004. (Exhibit 9). Petitioner did not appeal.

---

[1] *Tripp v. State*, 622 So. 2d 941 (Fla 1993) (holding that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense).

On October 22, 2004, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.[2] The trial court issued a partial denial and order to show cause on November 17, 2004. (Exhibit 10). On November 8, 2004, Petitioner filed a pro se motion to dismiss the Rule 3.850 motion. (Exhibit 11). On March 21, 2005, the court granted Petitioner's motion and dismissed the case. (Exhibit 12).

On November 18, 2004, Petitioner filed another motion to clarify his sentence. (Exhibit 13). On December 8, 2004, the court rendered an order summarily denying the motion as successive, inasmuch as the *Tripp* issue had been presented numerous times and had been decided against Petitioner. (Exhibit 14). Petitioner did not appeal this ruling.

On June 21, 2005, Petitioner filed a motion to correct illegal sentence, again arguing the *Tripp* issue regarding credit for time served. (Exhibit 15). The court filed an order on July 6, 2005, finding the motion to be successive and advised Petitioner against filing further successive claims. (Exhibit 16). Petitioner did not file an appeal.

On March 5, 2006, Petitioner filed another Rule 3.800 motion to correct illegal sentence, raising three claims: (1) trial counsel was ineffective for coercing Petitioner into entering a plea; (2) the sentences in the two VOP cases are illegal because the sentencing court used an incorrect scoresheet; (3) the sentences in the two VOP cases are illegal because the sentencing court abused its discretion in using a CPC

---

[2] Respondent did not file a copy of the motion for postconviction relief. However, because of the overlapping collateral petitions filed by Petitioner, the date the motion was delivered to prison authorities for mailing is not pertinent to the issue of timeliness of the federal petition.

-4-

scoresheet in calculating the sentences and failed to file written reasons for departing from the guidelines. (Exhibit 17). On March 22, 2006, the trial court filed a written order summarily denying relief. (Exhibit 18). Petitioner did not appeal this adverse ruling.

On July 1, 2006, Petitioner filed his final motion to correct sentence, arguing his VOP sentences were illegal under *Heggs v. State*, 759 So. 2d 620 (Fla. 2000). (Exhibit 19). On September 28, 2006, the trial court issued an order finding that the *Heggs* issue was time-barred under state law and Petitioner's claim that he was entitled to resentencing was without merit. (Exhibit 20). Again, Petitioner failed to appeal this ruling. (Exhibit 21: Second District Court of Appeal search results).

## THE PRESENT PETITION

Petitioner signed the § 2254 petition on November 17, 2006. The petition contains the following six grounds for relief: (1) improper credit for actual time served (*Tripp* issue, regarding proper application of credit for time served); (2) clarification of sentence (Tripp issue); (3) the 96-month sentences in the VOP cases (CF96-4056 and CF96-4058) should not be running concurrently; (4) the sentences in the VOP cases are illegal due to the court's use of an incorrect guidelines scoresheet; (5) illegal sentences pursuant to *Heggs v. State*, 759 So. 2d 620 (Fla. 2000), due to an application of the 1995 sentencing guidelines which were held to violate the Florida Constitution; (6) double jeopardy violation in that Petitioner did not receive correct amount of credit for time served.

On February 1, 2007, Attorney Beverly Brewster, representing the Florida Department of Corrections, filed a response to the double jeopardy claim in Ground Six

of the instant petition. (Doc. 9). The Department correctly argued that the claim was unexhausted and procedurally barred, and the petition fails to raise a cognizable federal claim. Because Grounds One and Two of the petition involve similar allegations that Petitioner is entitled to full credit for time actually served in prison prior to Petitioner's re-incarceration in the violation of probation cases (the *Tripp* issue), the Court relies on the response filed by Attorney Brewster as to those claims, and will address only Grounds Three, Four, and Five in this response.[3]

The present petition must be dismissed because it is time-barred pursuant to 28 U.S.C. § 2244(d). Alternatively, Grounds Three, Four, and Five are unexhausted and procedurally barred, or for fail to raise federal constitutional issues.

## THE PETITION IS UNTIMELY

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. In this proceeding, Petitioner is attacking the validity of his prison sentences in Case Nos. CF96-4056 and CF96-4058 received after revocation of probation in 2002. Petitioner was sentenced, and judgment entered against him, on November 1, 2002. Petitioner did not pursue a direct appeal. Therefore, his judgment became final for §2244(d) purposes thirty days later, on **December 2, 2002**.

---

[3] To the extent Petitioner's allegations in Grounds One and Two concern sentencing errors, rather than credit for time served, the Court relies on the findings and conclusions of the trial court in the various orders denying sentencing relief.

Accordingly, Petitioner had one year, or **until December 1, 2003**, to file his federal petition, absent any tolling activity. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Petitioner filed several collateral attacks on the validity of his sentences, the aggregate number of days during which no properly filed application was pending in state court is over one year, making the federal petition untimely. This calculation is based on the following:

On **June 26, 2003**, Petitioner filed his first Rule 3.800 motion to correct sentence, **205** days after his judgment became final on **December 2, 2002**. The motion was denied on September 29, 2003. Allowing thirty days to file an appeal, the collateral proceeding became final on **October 29, 2003**. Thereafter, **158** days elapsed until Petitioner filed the petition for writ of mandamus in the Second Judicial Circuit in Leon County on **April 5, 2004**.[4] At this time, Petitioner had only **two** days remaining in the one-year period.[5] (205 + 158 = 363). In 2004, prior to finality of the mandamus proceeding, Petitioner filed several postconviction motions in the state trial court which overlapped and tolled the time for filing the federal petition. The latest activity relevant to these calculations, however, is **March 21, 2005**, the date the trial court granted Petitioner's motion to dismiss the Rule 3.850 motion for postconviction relief. Subsequent to that ruling, **91** idle days passed until Petitioner filed a Rule 3.800 motion

---

[4] For purposes of this calculation, the Court assumes that the petition for writ of mandamus constitutes a tolling application.

[5] The court denied the mandamus petition on June 17, 2005. Again, allowing thirty days to file an appeal, the mandamus proceeding became final on July 18, 2005.

to correct illegal sentence on **June 21, 2005**. At that point, the one-year period had already expired 89 days earlier, on March 23, 2005. Therefore, the subsequent motions to correct illegal sentence filed on March 8, 2006, and August 3, 2006, had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.* at 1333.

Even if the two latest Rule 3.800 motions are considered tolling applications, however, there is an additional time period of approximately nine months during which no properly filed application for postconviction relief was pending in the state courts. This includes the periods from the date of finality of the order denying the motion to correct illegal sentence on **August 6, 2005**,[6] until the filing of the motion to correct sentence on **March 8, 2006** (**213 days**), and the period between the finality of that motion on **April 21, 2006**,[7] until the filing of the last Rule 3.800 motion on **July 1, 2006** (**70 days**). In total, the instant petition is untimely by approximately two years and must be dismissed.

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See*

---

[6] The Rule 3.800 motion was denied on July 6, 2005. Petitioner had thirty days to appeal; therefore the order did not become final until August 6, 2005.

[7] The motion was summarily denied on March 22, 2006, and did not become final until thirty days later, on April 21, 2006.

*also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). However, in this case, Petitioner has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

### EXHAUSTION/PROCEDURAL DEFAULT

Petitioner did not file a direct appeal nor, more importantly, did he appeal the denial of any of his numerous motions to correct sentence. Consequently, the claims are unexhausted for federal habeas corpus purposes. In Florida, if the substance of a claim is not presented on direct appeal, exhaustion requires both the filing of a Rule 3.850 or 3.800 motion and an appeal of its denial to the Florida District Court of Appeal. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a rule 3.850 motion, but also an appeal of its denial). *See also, Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial of claim raised in postconviction motion in Florida court resulted in a procedural default, citing, inter alia, *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the

conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Cause must ordinarily be something external to the defense. *Marek v. Singletary*, 62 F. 3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted). In this case, Petitioner does not allege, much less show, cause or prejudice or the existence of a miscarriage of justice to excuse his default of the sentencing claims. Therefore, all the grounds in the federal petition must be dismissed.

### FAILURE TO RAISE A FEDERAL CONSTITUTIONAL CLAIM

In Ground Three, Petitioner contends the 96-month sentences in the VOP cases (CF96-4056 and CF96-4058) should not be running concurrently. In Ground Four, he argues the sentences in the VOP cases are illegal due to the trial court's use of an incorrect guidelines scoresheet, and in Ground Five, he complains his sentences are illegal pursuant to *Heggs*, due to an application of the 1995 sentencing guidelines which were held to violate the Florida Constitution. These three claims present pure state law sentencing matters for which federal habeas corpus relief does not lie.

Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims which are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). *Barclay v. Florida*, 463 U.S. 939 (1983). *See also*

*Wainwright v. Goode*, 464 U.S. 78 (1983); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508.

**Accordingly, the Court orders:**

That Francis' petition is dismissed. The Clerk is directed to enter judgment against Francis and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322,

335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 22, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Theodore Francis